UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>　　　　　　　Plaintiff,<br>　v.<br>QUEST DIAGNOSTICS INCORPORATED, et al.<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER<br><br>(Mot Lift Stay and Compel Disc – Dkt. #30) |

Before the court is Plaintiff's Motion to Lift Stay and Compel Discovery Responses (Dkt. #30). The court has considered the Motion, Defendants Quest Diagnostics Incorporated's and John Hiatt's Response in Opposition (Dkt. #31), Defendants Nevada State Athletic Commission et al.'s Joinder (Dkt. #32), and Plaintiff's Response (Dkt. #33).

**BACKGROUND**

Plaintiff's motion seeks to lift the stay the court imposed at a scheduling conference held December 2, 2014. The court imposed a temporary stay until dispositive motions had been decided. Plaintiff points out that the dispositive motions have not yet been decided, and argues the stay should be lifted because this case is unnecessarily languishing with no further action being taken to the advantage of the Defendants and prejudice to the Plaintiff. The motion also argues the merits of the motion to dismiss.

Plaintiff intends to propound discovery related to claims asserted in her lawsuit that are not an issue in Defendants' motion to dismiss. Specifically, she seeks discovery related to "who and with what documentation on February 10, 1996, in Las Vegas, Nevada, diagnosed Tommy Morrison with virus/HIV and subsequently cancelled the first of a multi-million dollar professional boxing match and career, leading to indefinite medical suspension."

/ / /

1

1    Plaintiff also contends that the Defendants' arguments that discovery in this case would
2    time consuming and too costly lack merit because the Defendants have retained lawyers and are
3    attempting to take advantage of an unrepresented and less knowledgeable Plaintiff.  She points
4    out that all lawsuits are time consuming and costly.

5    Plaintiff argues that discovery was in process prior to the December 2, 2014, stay as the
6    parties had exchanged initial disclosures and requests for production of documents and requests
7    for interrogatories.  The parties have not responded to discovery requests as a result of the stay.
8    The court should therefore find that discovery related to Mr. Morrison's 1996 diagnosis is
9    relevant and appropriate and allow Plaintiff to inspect, copy, test or sample material leading to
10   the virus/HIV diagnosis in Las Vegas on February 10, 1996.

11   Defendants Quest and Hiatt oppose the motion arguing that Plaintiff seeks $110 million
12   in damages she contends Tommy Morrison suffered due to alleged negligence in conducting a
13   pre-fight HIV screening in February 1996.  The pending motions to dismiss argue Plaintiff lacks
14   standing to assert these claims on Mr. Morrison's behalf, that the statute of limitations has run,
15   and that the complaint fails to allege factual allegations supporting any claim for relief against
16   the Defendants.  Defendants argue that the court has the inherent power to manage its docket and
17   stay proceedings when the court deems it appropriate.

18   At the hearing on December 12, 2014, the court confirmed that Mr. Morrison died
19   intestate and that Plaintiff was neither the administrator nor personal representative of her late
20   husband's estate which is being administered in Tennessee.  Under these circumstances, it was
21   well within the court's discretion to stay discovery pending a formal determination on the
22   threshold issue of standing.  Assuming Nevada law applies, Tommy Morrison's negligence
23   claims must be brought pursuant to Nevada law's survivor statute which only permits survival
24   claims to be brought by a decedent's administrator or executor if a will exists.  As the estate is
25   being administered in Tennessee and Plaintiff has not been appointed as either an administrator
26   or personal representative of Mr. Morrison's estate, Plaintiff does not have standing.

27   Additionally, Defendants argue that good cause exists for the discovery stay and Plaintiff
28   has not explained how she will be prejudiced by a delay while the dispositive motions are

decided. Finally, Defendants argue that Plaintiff does not contend that the discovery she seeks in her motion to lift the stay and compel discovery is necessary to assist the court in resolution of the pending motions to dismiss. Defendants agree that the discovery she seeks cannot and will not assist the court in determining the outcome of the pending motions to dismiss.

The Nevada State Athletic Commission and remaining Defendants filed a Joinder (Dkt. #32) concurring with the arguments asserted by Quest and Hiatt.

Plaintiff filed a Response (Dkt. #33) which reiterates arguments made in her motion and points out the timeline of events since the stay was entered. The response accuses counsel for the Defendants of lying about the representations made at the hearing concerning her standing and asserts that she has legal standing. This lawsuit was filed within two years of her husband's death which is the date she reasonably discovered the alleged offenses or acts committed by Defendants. Plaintiff believes the Defendants wish to silence her in her efforts to correct lies that have been and continue to be reported by the media about her late husband. She believes Defendants simply do not want to answer the simple question of who and with what documentation diagnosed her late husband with HIV on February 10, 1996, which resulted in cancelling a multi-million dollar professional boxing match, ended Morrison's career, and caused his indefinite medical suspension. She wants testimony under oath from Defendant Hiatt on this subject. She argues there is no valid reason for this matter to languish any longer and asserts that the longer the matter is delayed makes it suspicious that there is some potential conspiracy going on, perhaps involving the court. She notes that three judges immediately recused themselves from this matter after the complaint was filed.

**DISCUSSION**

As an initial matter, when this case was filed it was randomly assigned to a district judge and magistrate judge. Judge Navarro recused herself and the matter was randomly reassigned to Judge Andrew P. Gordon for further proceedings. Judge Gordon recused himself and the matter was randomly reassigned to Judge Miranda M. Du who also recused herself. The case was randomly reassigned to Judge Richard F. Boulware on October 15, 2014. The Code of Conduct

for United States Judges requires judges to screen cases assigned to them to determine whether any conflict of interest or other reason requires disqualification.

Cannon 3C requires a judge to disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. Examples are contained in subparagraphs (a) through (e). When a judge decides that disqualification is required by the Code of Conduct, the judge refers the case to the clerk of court for random reassignment. When the clerk completes the process for random reassignment, the Chief Judge enters a minute order reassigning the case to the randomly reassigned judge. This is what occurred here. There are many reasons why a judge may disqualify himself or herself. For example, the judge may have served as a lawyer in a law firm that now represents a party to this case, the judge may have some personal knowledge of disputed evidentiary facts concerning the case, or the judge may have served in governmental employment in the past and served as counsel, advisor, or material witness concerning a case before the judge. A judge may have a close relative involved in the case as counsel or in some other capacity. These are only examples of potential conflicts of interest that may require a judge to disqualify himself or herself.

With respect to Plaintiff's motion to lift stay, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. However, in the Ninth Circuit, district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that the Plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and litigants. *Id.*

Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur in dispositive motions raising issues of jurisdiction, venue, or immunity. *Turner Broadcasting System, Inc. v. Trascinda Corp.,* 175 FRD 554, 556 (D. Nev. 1997), *citing Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 FRD 625, 653 (D. Nev. 1989).

///

4

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the rule shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. In this case, the court reviewed the dispositive motions and Plaintiff's responses in determining whether or not this case should be stayed while the district judge decides the pending motions to dismiss. The motions to dismiss raise substantial issues about whether the Plaintiff has standing to file this case which involves things that happened in 1996. At the scheduling conference held on December 2, 2014, Plaintiff confirmed that her husband died without leaving a will and that she had not been appointed by any court as an administrator or personal representative of her late husband's estate. The district judge may find that Plaintiff may not pursue these claims on behalf of her late husband as a matter of law. Additionally, there are substantial statute of limitations issues involved. Finally, Plaintiff told the court at the scheduling hearing that she did not need to conduct any discovery in order to respond to the motions to dismiss.

Under these circumstances, the court found that the objective of Rule 1, would be best served by staying discovery until the outcome of the motions to dismiss. Although the court fully appreciates Plaintiff wants answers to her questions, she has not established that she will be prejudiced by the delay required to determine whether this case should be dismissed as a matter of law. For the same reasons,

**IT IS ORDERED** that Plaintiff's Motion to Lift Stay and Compel Discovery Responses (Dkt. #30) is **DENIED.**

DATED this 7th day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE