UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>                              Plaintiff,<br>v.<br>QUEST DIAGNOSTICS INC., et al.,<br><br>                             Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>**ORDER**<br><br>(Mot. Provide Missing Docs. – Dkt. #59) |

       This matter is before the Court on Plaintiff Patricia Harding Morrison's Motion for Court Order to Provide Missing Electronically Filed Documents (Dkt. #59) filed July 17, 2015. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The Court has considered the Motion.

       Plaintiff's Motion asserts that Defendants Quest Diagnostics, Inc. and John Hiatt (jointly, "Quest") have filed numerous documents (Dkt. ## 45–48) with the Court but have not served her with copies of these documents. Motion (Dkt. #59). Plaintiff notes that these filings may be duplicate documents but, since Quest purportedly violated applicable rules regarding service of filings, Plaintiff asks the Court to order Quest to provide her with the missing documents.

       After a review of the Court's docket, it appears that Plaintiff's hunch was correct—documents (Dkt. ## 45–48) are duplicate filings. The Court will briefly summarize the procedural history of these filings and the relevant procedural rules to clear up the confusion. On June 5, 2015, Plaintiff filed a Motion for Partial Summary Judgment (Dkt. #40). On June 16, 2015, Quest filed its Objection to Plaintiff's Motion for Partial Summary Judgment, or in the Alternative, Rule 56(d)(2) Motion for Continuance of Submission of Plaintiff's Motion Pending Discovery (Dkt. #43) (the "Objection"). Included in Quest's Objection was a counter-motion requesting a continuance and a declaration by their counsel, D. Faye Caldwell. Because this

filing contained multiple documents asking for different forms of relief, it did not comply with CM/ECF procedures. For all electronic filings, the Court instructs:

> A separate document must be filed for each type of document or purpose. Examples: separate documents must be filed for response and motion rather than a response and counter motion in one document. Motions may ask for only one type of unrelated relief thus, rather than filing a motion to sever and to dismiss, a separate motion to sever and a separate motion to dismiss must be filed.

*See* Special Order 109 at 2. In light of these instructions, the Clerk of the Court issued the following Notice directing Quest's counsel to correct the error:

> **NOTICE of Attorney Action Required:** to 43 Objection to Document:
>
> **ERROR:** Documents should have been filed as separate entries by attorney **Keith A. Weaver**, pursuant to Special Order 109 *a separate document must be filed for each type of document or purpose*.
>
> Attorney advised in the future please file documents in accordance with Special Order 109 filing procedures; *to prevent delay in the timely filing of documents and/or to properly establish or terminate deadlines*.
>
> **CORRECTION: Attorney is advised to file the Motion to Extend Time re: Discovery contained in document 43 OBJECTION** using the appropriate event found under the MOTIONS category pursuant to Special Order 109.[1]

*See* Notice (Dkt. #44).

After receiving the Notice, Quest electronically filed: (i) First Motion to Extend Time (Dkt. #45) (this was Quest's counter-motion requesting a continuance under Rule 56(d)(2) of the Federal Rules of Civil Procedure); (ii) Declaration of D. Faye Caldwell (Dkt. #46); (iii) Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. #47); and (iv) Declaration re Plaintiff's Motion for Partial Summary Judgment (Dkt. #48). Each of these documents was previously filed as one document, Quest's Opposition (Dkt. #43). Although the extent of Quest's duplication was not necessary, the Defendants were merely following specific instructions from the Clerk of the Court to file separate documents in compliance with Special Order 109.

Plaintiff states that she received service of the Opposition (Dkt. #43) by mail. *Id*. at 3:3–6. Thus, Quest did in fact serve her with copies of the documents she now requests by serving her with the Opposition (Dkt. #43). However, it appears they did not serve Plaintiff with the

---

[1] Special Order 109 is available on the Court's website at: http://www.nvd.uscourts.gov/Files/Electronic%20FilingProcedures.pdf

1  *refiled*, duplicate documents (Dkt. ## 45–48).  Given the unique nature of this situation and in
2  the understandable confusion it created for Plaintiff, the Court will direct Quest to serve Plaintiff
3  with the refiled documents with the unique CM/ECF headers and footers on each document to
4  allow Plaintiff to compare them with the Opposition (Dkt. #43) she previously received.  The
5  Court will also instruct the Clerk of the Court to mail Plaintiff a copy of the docket sheet to aid in
6  her review.

7  The Motion also argues that the Declaration of D. Faye Caldwell is "worthless" because
8  it is not signed or dated, and the Court should therefore grant her Motion for Partial Summary
9  Judgment as to Defendant Hiatt.  A review of the document confirms that the Declaration (Dkt. #
10 43-1), refiled as Dkt. #48, is not dated or signed.  The Court will therefore strike them.

11 Accordingly,

12 **IT IS ORDERED**:  Plaintiff Patricia Harding Morrison's Motion for Court Order to
13 Provide Missing Electronically Filed Documents (Dkt. #59) is GRANTED as follows:

14 1. Defendants Quest Diagnostics, Inc. and John Hiatt are directed to serve Plaintiff with
15    copies of the following: (i) First Motion to Extend Time (Dkt. #45); (ii) Declaration
16    of D. Faye Caldwell (Dkt. #46); (iii) Response to Plaintiff's Motion for Partial
17    Summary Judgment (Dkt. #47); and (iv) Declaration re Plaintiff's Motion for Partial
18    Summary Judgment (Dkt. #48);

19 2. The Declaration of D. Faye Caldwell submitted with Dkt. #43 and refiled separately
20    as Dkt #48 is **STRICKEN**.

21 3. The Clerk of the Court is instructed to mail Plaintiff a copy of the docket sheet.

22 The Motion is DENIED in all other respects.

23 Dated this 27th day of July, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3