UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>Plaintiff,<br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED, et al.,<br><br>Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER<br><br>(Mot Prot Ord – Dkt. #99) |

The court held a hearing on Defendants Quest Diagnostics and John Hiatt Ph.D.'s Motion for Protective Order (Dkt. #99) on March 1, 2016. Plaintiff Patricia Harding Morrison appeared pro se, Vivienne Rakowsky, Keith Weaver and Faye Caldwell appeared on behalf of Defendants Quest and Hiatt. The court has carefully reviewed the moving and responsive papers, Plaintiff's Reply and Opposition ((Dkt. #100), and Defendants Reply (Dkt. #103).

## **BACKGROUND**

The parties' current disputes involve 40 request for admissions served on Defendant Hiatt on January 2, 2016, and 40 request for admissions served on Defendant Quest Diagnostics on January 5, 2016. The Defendants seek a protective order that they need not respond to any of the request for admissions on various grounds. First, the Defendants argue the requests are improper, not separately stated, called for speculation and are argumentative. Second, the Defendants argue that the requests for admissions are duplicative, compound and unintelligible. Third, the Defendants assert the volume of the requests render them harassing and oppressive, especially given prior discovery that has been responded to by the Defendants. Fourth, and finally, the burden of responding to the requests for admission outweighs their likely benefit.

///

1

# DISCUSSION

## I. Fed. R. Civ. P. 36(a)(1)

Rule 36(a)(1) of the Federal Rule of Civil Procedure provides:

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

A party served with a request for admission has thirty days after being served to serve a written answer or objection. Rule 36(a)(3). The grounds for objecting to a request for admission must be stated. Rule 36(a)(5). A party serving a request for admission "may move to determine the sufficiency of an answer or objection." Rule 36(a)(6). If the court finds that an answer does not comply with the rule, "the court may order either that the matter is admitted or that an amended answer be served." *Id.*

The Ninth Circuit has recognized that requests for admissions "are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Rule 36(a) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id.* The goal of requests for admissions is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. CA. 1955). For this reason, "requests for admissions are not principally discovery devices." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252 at 524-525). ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discovery what the facts are should resort to other discovery rules rather than Rule 36." ).

/ / /

/ / /

2

## II. Fed. R. Civ. P. 26(g)

Rule 26(g) imposes obligations on attorneys and clients signing disclosures and discovery requests, responses and objections. Rule 26(g)(1) requires every discovery request, response, or objection to be signed by at least one attorney of record, or by the party personally. The rule provides that by signing a discovery request, response, or objection, "an attorney or party certifies to the best of the person's knowledge, information, and belief **formed after a reasonable inquiry**" the response is complete and correct as of the time made, and with respect to a response or objection, it is consistent with the rules, not interposed for any improper purpose, and neither unreasonable nor unduly burdensome or expensive. (Emphasis supplied.)

## III. Fed. R. Civ. P. 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure permits the court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party from whom discovery is sought. *See* Fed. R. Civ. P. 26(c). The burden of persuasion under Rule 26(c) is on the party seeking the protective order, and the moving party must show good cause by demonstrating, "for each particular document it seeks to protect, . . . that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999)); *Phillips v. Gen. Motors,* 307 F.3d 1206, 1212 (9th Cir. 2002); *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The movant should provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Beckman,* 966 F.2d at 476. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id.* (citing *Cipolione v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Where a business seeks a protective order, it must show that disclosure would cause "significant harm to its competitive and financial condition." *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citing *Deford v. Schmid Prods. Co.,* 120 F.R.D. 684, 653 (D. Md. 1987)). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is

3

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders").

Applying these principles and having reviewed and carefully considered the moving and responsive papers, the court will grant the motion for protective order with respect to Request for Admissions served on John Hiatt. Hiatt has answered interrogatories under penalty of Rule 26(g) stating that he was not involved in the 1996 testing or reporting of Tommy Morrison's blood specimen and that he has no first hand or personal knowledge of the alleged events that occurred on February 10, 1996. Under these circumstances, the court finds that it would be burdensome and harassing for Hiatt to be required to admit or deny request for admissions where he has affirmatively stated he has no knowledge of the subject matter on which Plaintiff seeks admissions.

With respect to the request for admissions directed to Defendant Quest Diagnostics, many of the requests are difficult to follow, compound and argumentative. Many are also clearly intended to serve as an additional method of obtaining discovery of facts and the application of facts to law which are in dispute in this case. However, the court finds that certain of Plaintiff's request for admissions are appropriate and should be answered.

**IT IS ORDERED** that:

1. Defendants Quest Diagnostics and John Hiatt's Motion for Protective Order (Dkt. #99) is **GRANTED in part** and **DENIED in part**.
2. The motion is **GRANTED** to the extent that a protective order is entered that Defendant John Hiatt need not respond to the Request for Admissions served on him January 2, 2016.
3. The motion is **GRANTED in part** and **DENIED in part** as to Defendant Quest Diagnostics. Quest Diagnostics shall be required to respond to Request for Admission Nos. 4, 5, 6, 12, 14, 15, 20, 21, 22, 25, 26, and 28.

4

4. The responses to these Requests for Admissions shall fully and completely comply with the requirements of Rule 36(a). If a matter is not admitted, the answer must specifically deny it or state in detail why Quest cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter. Quest may assert a lack of knowledge or information as a reason for failing to admit or deny only if Quest states that it has made reasonable inquiry, and that the information it knows or can reasonably obtain is insufficient to enable it to admit or deny.

5. Quest shall have until **March 17, 2016**, in which to serve Plaintiff with responses to these request for admissions.

6. Any request for relief not specifically addressed in this order is **DENIED.**

DATED this 3rd day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE