UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>QUEST DIAGNOSTICS INCORPORATED, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER |

The court set a hearing for Tuesday, March 1, 2016, on Plaintiff's Objection to Discovery (Dkt. #90) after entering an Order (Dkt. #102) requiring Defendants Quest Diagnostics and Hiatt to file a supplement, and giving the Plaintiff an opportunity to file a response.

The court's written Order (Dkt. #102) identifies in detail the issues before the court. In short, Defendants Quest and Hiatt served 23 subpoena duces tecum on no-parties requesting broad medical and other records concerning Plaintiff's late husband, Tommy Morrison. The subpoenas were extremely broad and contained no temporal limitation. Plaintiff objected to the subpoenas on various grounds summarized in the court's prior order. The court construed her objection as a motion to quash or modify under Rule 45. The Defendants responded to Plaintiff's objection but did not provide the court with any information of how the individuals and entities on whom the subpoenas were served were believed to have relevant and discoverable information. The court therefore required the Defendants to supplement their responses to provide this information, and gave Plaintiff an opportunity to file a response. A temporary protective order was entered pending a decision on the merits.

Defendants Quest and Hiatt filed a Supplemental Response (Dkt. #107) as ordered. Plaintiff filed her Response (Dkt. #109). The court carefully reviewed and considered the

1  moving and responsive papers and directed a number of questions to counsel for Quest at the
2  hearing. Counsel for Quest confirmed that Quest inquired of various laboratories affiliated with
3  it throughout the country, where Mr. Morrison was known to have resided, if they had any
4  records pertaining to Mr. Morrison. Subpoenas were directed to those labs at which a positive
5  response was received. Additional information was gleaned from public records, for example
6  press reports of where Mr. Morrison applied for boxing licenses, and a book about his life.

7  The court is satisfied that the subpoenas were directed to non-parties believed to have
8  relevant and discoverable information within the meaning of Rule 26(b)(1). However, the
9  subpoenas are overbroad in requesting documents and medical records with no temporal
10 limitation. Defendants are reminded that pursuant to Rule 26(g) by signing a discovery request
11 an attorney certifies that the request is not interposed for an improper purpose and is "neither
12 unduly burdensome nor expensive considering the needs of the case, prior discovery in the case,
13 the amount in controversy and the importance of the issues at stake in the action." The court will
14 modify the subpoenas to insert temporal limitations consistent with Quest's information about
15 the timeframe for which each custodian is believed to have discoverable information.

16 The court also directed counsel for Quest and Hiatt to serve Plaintiff with a supplemental
17 Rule 26(a)(1) disclosure identifying all of the Quest laboratories from whom information was
18 requested pertaining to Mr. Morrison. The supplemental response shall fully comply with
19 Quest's obligations under Rule 26(a)(1).

20 **IT IS ORDERED** that:
21 1. Plaintiff's Objection (Dkt. #90) is **DENIED** to the extent Plaintiff requests an order
22     quashing all 23 subpoenas.
23 2. Plaintiff's Objection (Dkt. #90) is **GRANTED** to the extent that the subpoenas duces
24     tecum that were served on all 23 non-parties shall be modified to request medical
25     records for the time period Quest and Hiatt have a reasonable good faith belief that
26     the custodian has relevant and discoverable information.

3. A protective order is entered precluding the Defendants from using any of the records or information received from the custodians of records at issue in Plaintiff's objections and this order for any purpose unrelated to this litigation.

4. Plaintiff's objections that the subpoenas, as modified, request privileged medical information are **OVERRULED**, the court having found that Plaintiff put Tommy Morrison's health, condition(s), diagnosis, and treatment from February 10, 1996, to the date of his death in 2013 at issue in this case.

5. Quest shall have until March 17, 2016 to serve Plaintiff with a supplemental Rule 26(a)(1) disclosure identifying the Quest laboratories from whom information about the late Mr. Morrison was requested. The supplemental disclosure shall disclose all of the information required by Rule 26(a)(1)(A).

DATED this 3rd day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE