UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>QUEST DIAGNOSTICS INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER<br><br>(2nd Mot Compel - #154) |

　　　　This matter is before the court on Plaintiff's Motion to Compel Production of Documents to Defendants Quest Diagnostics, Inc. and John Hiatt Pursuant to FRCP 26(a) (Dkt. #154). The court has considered the Motion, Defendants' Response (Dkt. #161) and Plaintiff's Reply (Dkt. #170).

　　　　The current motion centers on a written order the court entered modifying, but allowing the Defendants to obtain Tommy Morrison's medical records from various healthcare providers, and other entities believed to be in possession of relevant/discoverable information. Plaintiff states she has no objection to the production of certified copies of the entirety of the medical providers' records regarding Tommy Morrison, but does object to medical providers who are not providing the entirety of Tommy's medical records. She believes counsel for Quest and Hiatt are engaging in ex parte communications with providers to obtain only copies of clinical laboratory tests and clinical laboratory test results. Plaintiff requests an order compelling the production of documents to complete the standard of care and algorithm of: "clinical examination plus physical examination plus symptoms equal a clinical diagnosis (with the aid of a laboratory report)." At this time, Defendants Quest and Hiatt are only providing laboratory diagnoses and Plaintiff contends the laboratories do not diagnose.

1    The motion relates information that Plaintiff believes she has uncovered during discovery
2 including admissions the Defendants have made in their written responses to her discovery
3 requests. She asks for an order compelling Quest and Hiatt to "unlock their secrets of fraud and
4 negligence as the medical providers from all over the United States of America and all deponents
5 in this case, and co-Defendants . . . confirm that they have never seen, nor read, the FDA test
6 disclaimers of the tests used on Tommy between 1996 and 2013."

7    The motion states that there are three "sticking points" that to be resolved in this case
8 remain. She asks whether: (1) the court is going to allow Defendants at trial to produce clinical
9 laboratory reports from all over the United States as confirmation of a diagnosis of the human
10 immunodeficiency virus in the blood of Tommy Morrison; (2) the court is going to allow results
11 interpreted by Quest, as a "diagnosis"; and (3) the court going to allow the Plaintiff to be
12 prejudiced by Defendants Quest and Hiatt not being supplied with the information and
13 documents necessary for a fair trial. The motion to compel argues that the Defendants have yet
14 to produce a single manufacturer test kit packet insert containing the FDA warnings, limitations
15 and disclaimers. She seeks identification and production of documents discussed in the recent
16 meet-and-confer that Defendants claim they do not have. She states "that good cause exists and
17 all of the above relevant to both parties' claims and defenses, **and to the GENERAL PUBLIC,**
18 and to establish a clinical diagnosis, that is the basis of the standard of care."

19    It appears that Plaintiff is requesting an order compelling the Defendants to produce test
20 kit manufacturer packet inserts dating back to 1996 that the Defendants claim that they don't
21 have and never did have. She also asks that Quest and Hiatt be compelled to provide the entirety
22 of the medical files of Tommy from all physicians throughout the United States of America, or
23 not provide any documentation at all. She states she is not filing a motion to compel co-
24 Defendants NSAC, Ratner and Goodman because their testimony and written discovery
25 responses proves and confirms Plaintiff's hunch that Quest and Hiatt are negligently and
26 fraudulently concealing information from these Defendants too.

27    Defendants Quest and Hiatt oppose the motion pointing out that in a prior Motion to
28 Compel (Dkt. #130), Morrison filed a motion to compel Quest and Hiatt to produce documents

1  and order Defendants to obtain answers in admissible form from third-party medical providers to
2  questions she prepared.  In this second motion to compel, she moves to compel Defendants to
3  obtain FDA-approved package inserts for the HIV/antibody test used by Quest Diagnostics in
4  February 1996, from third parties.  She also seeks to compel Defendants to obtain all of Tommy
5  Morrison's medical records and files from 1996, through his death in 2013, in direct
6  contravention of the court's prior order limiting the scope of subpoenas Defendants served that
7  was entered at her own request.
8      The Defendants argue that Morrison's claims and filings in this matter have now become
9  vexatious and abusive.  Morrison continues to ask the court to ignore the Federal Rules of Civil
10 Procedure in support of her effort to exclude evidence that her late husband did, in fact, have
11 HIV.  Additionally, Defendants point out that Morrison is not a "third-party or a stranger" to her
12 late husband's medical records.  She has the ability and legal right to obtain those records as the
13 legal representative of his estate and/or his surviving spouse.  However, the Federal Rules of
14 Civil Procedure do not entitle her to an order compelling the Defendants to obtain documents
15 from non-parties.  The motion does not seek production or inspection of documents or tangible
16 things in Defendants' possession, custody or control (medical records from non-parties) and asks
17 for or old documents (test kit package inserts and manufacturer disclaimers and other
18 information) that Quest Diagnostics no longer possesses.
19     Plaintiff replies that in Ms. Caldwell's declaration dated and signed May 26, 2016, she
20 attested that she had served Plaintiff with copies of every medical record and file received from
21 subpoenaed medical providers.  Plaintiff asks that the court compel Defendants Quest and Hiatt
22 to comply with subpoenas they served on third non-parties by producing all responsive, non-
23 privileged documents as itemized by Plaintiff.  She asserts that Quest and Hiatt continue to
24 fraudulently conceal the 1996 test kit package inserts from the Plaintiff "which will come to bite
25 them in the end."  She asks the court whether it can conclude as Quest and Hiatt argue, that the
26 manufacturers of the test themselves did not provide Defendants with the package inserts.  She
27 reiterates arguments made many, many times that laboratory reports are not a diagnosis.  She
28 does not believe, and asks the court not to believe, that documents dating back to 1996 and

3

1  forward have been discarded in the ordinary course of business, or that Defendants do not
2  possess the materials she seeks. If Quest and Hiatt cannot produce the test kit package inserts
3  "then the defense counsel from Houston, Texas for Defendants Quest and Hiatt is wasting the
4  judicial economy of the Court of Nevada." She concludes the reply by asserting that all of the
5  Defendants have attempted "to confuse, overcomplicate, and muddy this case when on its fact it
6  is a simple one."

7  Plaintiff moved to quash subpoenas duces tecum served on non-parties without prior
8  notice to her. The court entered a temporary protective order precluding the Defendants from
9  using information received from the custodians of records pending a hearing on the merits. See
10 Order (Dkt #102). The court also required the Defendants to justify the broad requests and state
11 why they believed the medical providers and others had discoverable information. At a hearing
12 on March 1, 2106 the court granted in part and denied in part Plaintiff's motion to quash, and
13 entered a lengthy written order explaining the decision and order. See Order Dkt #117. The
14 order allowed the Defendants to obtain medical and licensing records but imposed a protective
15 order precluding the Defendants from using confidential medical records for any purpose
16 unrelated to the litigation, and modified the subpoenas, narrowing their scope to what the court
17 found was relevant, discoverable and proportional to the needs of the case.

18 Defendants cannot be compelled to require the custodians of records for non-parties to
19 provide answers to Plaintiff's questionaires in admissible form. Additionally, the court cannot
20 compel Defendants to produce information they do not have or no longer have. The Defendants
21 served discovery responses under penalty of Fed. R. Civ. P. 26(g) certifying that the responses
22 were complete and correct as of the time provided "to the best of the person's knowledge,
23 information and belief formed after reasonable inquiry." The court has authority to and will not
24 hesitate to impose sanctions on any party or counsel who violate their certification and disclosure
25 obligations. The court will also preclude any party who fails to make the disclosures required by
26 Fed R. Civ. P. 26(a) and other discovery rules from using any information not timely disclosed
27 for any purpose including motion practice and trial. However, the court has no reason to believe
28

1  that Defendants have failed to comply with their certification and disclosure obligations on the
2  matters at issue in this motion.
3       Finally, the district judge will decide what evidence is or is not admissible at trial.  This
4  court decides case management and discovery issues and other non-dispositive motions referred
5  for decision by the district judge.
6       Having reviewed and considered the moving and responsive papers,
7       **IT IS ORDERED** that Plaintiff's Second Motion to Compel Production of Documents
8  (Dkt. #154) is **DENIED.**
9       DATED this 21st day of June, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5