UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>                              Plaintiff,<br>v.<br>QUEST DIAGNOSTICS INC., et al.,<br><br>                              Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER<br><br>(Mot to Exclude - #136)<br>(Mot Ext Time - #137) |

This matter is before the court on State Defendants' Motion to Exclude Plaintiff's Forensic Document Examiner's Report (Dkt. #136) filed in conjunction with the Motion for Extension of Time to Disclose Rebuttal Expert Witnesses (Dkt. #137). The court has considered both motions, Plaintiff's Response (Dkt. #142), and Defendants' Reply (Dkt. #150).

The State Defendants move to exclude Plaintiff's forensic document examiner's report because it was untimely disclosed and fails to comply with the requirements of Rule 26(a)(2). Defendants argue that the court clearly explained the requirements of complying with the Federal Rules of Civil Procedure and disclosure obligations at the March 1, 2016 hearing. Plaintiff stated in open court that she would comply with the expert witness disclosures. However, the expert disclosure deadline was March 10, 2016, and Plaintiff did not serve an expert disclosure or report for her forensic examiner until it was attached with another Motion (Dkt. #125). Plaintiff has refused to stipulate to extend the discovery plan and scheduling order deadlines, and stated in open court her expert reports would be timely disclosed. On February 1, 2016, Plaintiff provided some documents in response to Quest Defendants request for production which included a one-page Athletic Commission consent form and titled it "forged signature." Nothing further was provided. Almost two weeks after the deadline to disclose experts, Plaintiff disclosed Ms. Debra Dunlap, CFDE of Liberty Investigative Services, as a forensic document

1

1  examiner/handwriting specialist in her supplemental Rule 26 initial disclosures. Movants
2  suspect that they would not have learned about the report if not for a question asked during
3  Plaintiff's deposition on March 30, 2016. In response to a question about a consent form, Ms.
4  Morrison alluded to a report claiming that a number of the signatures and documents provided in
5  the Nevada State Athletic Commission's disclosures were not Morrison's. Plaintiff indicated
6  that the report was just filed and did not bring it to her deposition.

7  The State Defendants argue that the failure to timely disclose the report was neither
8  substantially justified nor harmless. If the court does not exclude the report and strike the
9  expert, Defendants request in the alternative, an extension of the deadline for the Defendants to
10 retain and disclose a rebuttal forensic document examiner's report.

11 Plaintiff opposes the motion for the same reasons she opposed the motion filed by co-
12 Defendants Quest and Hiatt.

13 The State Defendants' reply provides the court with excerpts of Ms. Morrison's
14 deposition testimony which led to the discovery she had obtained a forensic document
15 examiner's report to support her claim that some of the signatures on documents produced in this
16 case are not Tommy Morrison's.

17 The court reviewed the expert report of Dr. Branson and Ms. Dunlap in a similar motion
18 to strike filed by Defendants Quest and Hiatt. The applicable legal standards and the reason for
19 the court's decision were outlined at length and will not be repeated in this order. In short, Ms.
20 Dunlap was not timely disclosed as an expert and does not rebut opinions offered by Dr. Branson
21 who is a medical doctor and epidemiologist. Having reviewed and considered the moving and
22 responsive papers, and for the reasons explained in the Order deciding the motion to strike (Dkt.
23 #135) filed by Quest and Hiatt,

24 **IT IS ORDERED** that:

25 1. The State Defendants' Motion to Exclude Plaintiff's Forensic Document Examiner's
26    Report (Dkt. #136) is **GRANTED**.

27 / / /

28 / / /

2. The State Defendants' Motion for Extension of Time to Disclose Rebuttal Expert (Dkt. #137) is **DENIED as moot** given the order striking Plaintiff's Forensic Document Examiner's Report and testimony.

DATED this 21st day of June, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3