1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

4

* * *

5

| | |
|---|---|
| PATRICIA HARDING MORRISON, | Case No. 2:14-cv-01207-RFB-PAL |
| Plaintiff, | ORDER |
| v. | (Mot to Reveal - Dkt. #112) |
| QUEST DIAGNOSTICS INCORPORATED, et al. | |
| Defendants. | |

6

7

8

9

10

11          Before the court is State Defendants' Motion for an Order that Plaintiff Reveal Ghost

12   Lawyer, and that Court take Appropriate Action (Dkt. #112).   The court has considered the

13   Motion (Dkt. #112), Plaintiff's "Reply and Opposition" (Dkt. #115), and State Defendants'

14   Reply (Dkt. #118).

15          The State Defendants suspect that pro se Plaintiff, Patricia Harding Morrison, is using a

16   "ghost lawyer" to assist her and prepare papers filed with the court in violation of the Nevada

17   Rules of Professional Conduct, the requirements of the Federal Rules of Civil Procedure that a

18   lawyer sign pleadings, and the requirements that out-of-state counsel apply for permission to

19   practice pro hac vice and obtain local counsel.   The motion requests that the court:

20          1.   Inquire whether Plaintiff is receiving substantial assistance in preparing the pleadings

21                and written discovery;

22          2.   Request the identity of the person providing the assistance;

23          3.   If the person is an attorney, require proper appearance;

24          4.   If the person is a non-lawyer, report the person to the State Bar of Nevada; and

25          5.   Take any additional action against the ghost lawyer that the court deems appropriate.

26          Plaintiff responds to the motion stating that she is appearing in this matter pro se and that

27   she has not received substantial assistance in preparing the pleadings and written discovery in

28   this case from an attorney or non-attorney.   She categorically states there is no ghost lawyer to

1    make an appearance in this court and no non-lawyer to report to the State Bar of Nevada.  She

2    also correctly points out that just because she is representing herself does not mean she is

3    "stupid" and unable to proceed with her case.  She also correctly points out that the substantial

4    increase in parties proceeding pro se is because they simply cannot afford an attorney and/or do

5    not trust attorneys and the legal system.  Plaintiff states she can walk and chew bubblegum at the

6    same time. She acquired skills by completing a professional paralegal program and reading

7    books including *The Lawsuit Survival Guide*.  Her response attaches an official student transcript

8    of her paralegal studies course.  Plaintiff asks that the court strike the Defendants' offensive

9    pleading, enter an award of costs and fees for bringing this reply and opposition, admonish the

10   Defendants, and award any relief the court deems just and proper.

11        The State Defendants reply that the motion was filed to preserve the integrity of the court

12   system.  Defendants did not request any sanctions against the Plaintiff.  Plaintiff could simply

13   have stated that she was not receiving substantial assistance and this would have closed the

14   matter.  Instead, she chose to draft a lengthy opposition unrelated to the simple question in the

15   State Defendants' motion.  Accordingly, Plaintiff's request to strike the pleading, enter an award

16   of costs and fees and other sanctions should be denied in its entirety.

17        Ms. Morrison has appeared before the court and has conducted herself appropriately.  She

18   is an intelligent and articulate woman. The court accepts her representations that she is preparing

19   all of the pleadings and papers in her own case and has not been assisted by a lawyer or non-

20   lawyer.  This motion was unnecessary.  Counsel for the State Defendants could simply have

21   directly inquired of the Plaintiff before filing a motion.  However, a pro se Plaintiff is not entitled

22   to fees and costs for filing her opposition.

23        Accordingly,

24        **IT IS ORDERED** that the State Defendants' Motion for an Order that Plaintiff Reveal

25   Ghost Lawyer and that the Court Take Appropriate Action (Dkt. #112) is **DENIED**.

26        DATED this 21st day of June, 2016.

27   _____
     PEGGY A. LEEN

28   UNITED STATES MAGISTRATE JUDGE