UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON,<br><br>                Plaintiff,<br>v.<br><br>QUEST DIAGNOSTICS INCORPORATED, et al.,<br><br>                Defendants. | Case No. 2:14-cv-01207-RFB-PAL<br><br>ORDER<br><br>(Mot Compel – Dkt. #127)<br>(Mot Compel – Dkt. #130) |

Before the court is Plaintiff's Motion to Compel Production of Documents from Defendants Nevada Athletic Commission, Marc Ratner and Dr. Margaret Goodman Subsequent to the Deposition of Plaintiff Patricia Harding Morrison on March 30, 2016 (Dkt. #127). The court has considered the Motion, Plaintiff's Supporting Declaration (Dkt. #128), Defendants Nevada State Athletic Commission, Marc Ratner, and Dr. Margaret Goodman's Opposition (Dkt. #146), Plaintiff's Response and Opposition (Dkt. #15 Also before the court is Plaintiff's Motion to Compel Production of Documents from Defendants Quest Diagnostics Inc.; and John Hiatt Subsequent to the Deposition of Plaintiff Patricia Harding Morrison on March 30, 2016 (Dkt. #130). The court has considered the Motion, Plaintiff's Supporting Declaration (Dkt. #131), Defendants Quest Diagnostics Incorporated and John Hiatt, Ph.D's Response (Dkt. #148), and Plaintiff's Response to Defendants Quest Diagnostics Incorporated and John Hiatt's Response (Dkt. #152). Both motions seek the same thing.

**BACKGROUND**

In the current motions, Plaintiff states that she was deposed in Wichita, Kansas on March 30, 2016. During the deposition, counsel for Defendants Quest and Hiatt, Faye Caldwell, made various assertions without supporting documentation. Plaintiff seeks an order compelling

1

Defendants to produce documentation to support their assertions. Specifically, Defendants asserted they had proof of a diagnosis of the human immunodeficiency virus ("HIV") in the blood of Tommy Morrison. Plaintiff seeks an order compelling the Defendants to provide her and the court with documentation supporting their assertions. The motion questions whether the Defendants have placed the existence of HIV itself on trial and makes numerous other statements about Plaintiff's understanding of the Defendants' positions regarding proof of whether Tommy Morrison did or did not have HIV or AIDS. Plaintiff believes the Defendants should disclose the documents she seeks because it is in the public interest and "there cannot be one set of rules for the discoverer of the human immunodeficiency virus (by electron microscopy), and another set of rules for TOMMY."

The State Defendants, the Nevada State Athletic Commission, Marc Ratner, and Dr. Margaret Goodman oppose the motion arguing Plaintiff does not have any basis to file a motion to compel against the State Defendants because she does not assert that counsel for the State Defendants ever referenced any documents that are not on the record. After receiving the motion to compel, counsel for the State Defendants emailed Ms. Morrison requesting a Rule 26 meet and confer and that she withdraw the motion to compel, but that she refused. The State Defendants therefore believe that Plaintiff's sole purpose in filing the motion to compel the State Defendants to produce materials that Plaintiff knows the State Defendants do not have is to harass and otherwise waste the time and money of the state to respond. The court should therefore deny the motion to compel in its entirety, and admonish Plaintiff not to file motions to compel without engaging in a meet and confer. The court should also admonish Plaintiff for failing to specify specific documents that she believes are in the custody of the State Defendants, and seeking documents she knows the State Defendants do not have. The State Defendants also request a protective order to "protect them from unreasonable motions" such as this one.

Plaintiff's Response and Opposition (Dkt. #151) argues the motion to compel was properly filed. She states that she has repeatedly requested the production of "said documents" from all the Defendants in this case and has been repeatedly shut down by defense counsel. She does not believe she is required to attempt to meet and confer to receive answers to discovery

requests. She also argues the Defendants have filed other frivolous motions such as the motion to reveal ghost lawyer. Rule 26(b) permits a party to discover information "that appears to be reasonably calculated to lead to the discovery of admissible evidence." The documents she seeks should exist and Defendants are abusing the discovery process to conceal these documents from this case.

Quest and Hiatt's opposition argues that Morrison is asking the court to compel them to produce documents and obtain answers in admissible form from third parties to questions she prepared and has already served on those third parties. Plaintiff also makes claims about what occurred at her deposition and contends that because she disputes certain things, the Defendants should be compelled to produce a litany of documents for any and all commercially-available HIV testing performed by anyone including companies not affiliated with the Quest Defendants. Morrison's motion to compel is not supported by any rule or authority and should be denied. Defendants assert Plaintiff may not seek an order compelling production of documents she has not requested under Rule 34. Additionally, Plaintiff filed the motion without any attempt to confer and simply contends, without any supporting authority, that it is Defendants' burden as the party resisting discovery to demonstrate that her requests are not relevant and any objections to her request are justified.

The opposition assert there is no basis for relief under the Federal Rules of Civil Procedure for her motion. The motion is a continuation of Morrison's practice of making bald, unsupported assertions about her knowledge of HIV and HIV testing, and her claims that Tommy Morrison never had HIV. It is her obligation to prove her contentions through expert evidence. If she believes the Defendants' expert evidence is erroneous, the proper method of attacking that evidence is by cross-examination.

Defendants also claim Morrison has misrepresented an order of this court and is harassing third-party witnesses. Plaintiff has repeatedly attempted to prevent Defendants' access to Tommy Morrison's medical records from 1996 until his death in 2013. Even after the court's January 27, 2016 orders finding Tommy Morrison's medical history, treatment and condition were within the scope of discovery in this matter, Morrison continued to dispute the relevance of

1 that evidence in connection with her efforts to quash Defendants' third-party subpoenas.
2 Plaintiff sent her "patient history and clinical examination questionnaire" to each of the
3 subpoenaed medical providers and now asks the court to compel the Defendants to obtain
4 responses to her questionnaires from the providers. Plaintiff also sent a letter to the medical
5 providers telling them to complete, sign, and notarize the questionnaire and return it to her within
6 ten days. The court should issue a protective order under Rule 26(c) because the letter sent to the
7 providers purports to require them to answer her questionnaire. Several of the third parties have
8 contacted counsel directly to complain that the questionnaire is incoherent and premised on false
9 assumptions, and to communicate their concern that a court order could require such a response.
10 The court should therefore deny Morrison's motion to compel and enter a protective order
11 protecting third-party medical providers from further harassment by Morrison and requiring
12 Morrison to correct her misrepresentations of this court's March 3, 2016 order, and prohibiting
13 additional discovery abuses by Morrison.

## **DISCUSSION**

15 It does not appear that Plaintiff has formally requested the documents she seeks in
16 this motion to compel in a request for production. Rather, it appears that she seeks documents
17 the Defendants were referring to or using in questioning her during her deposition. Plaintiff
18 appears to be referring to documents the Defendants obtained from subpoenas issued to non-
19 party medical providers which was the subject of prior motion practice and at least two hearings.
20 Plaintiff asked the court to quash the subpoenas asserting medical records about her late husband
21 from 1996 until his death in 2013 were not relevant or discoverable because the only relevant
22 discovery was what happened on February 10, 1996. The court denied the motion to quash, but
23 modified and narrowed the subpoenas explaining why the discovery Defendants sought was
24 discoverable in a written order. The order required Defendants to provide Plaintiff with copies
25 of any documents they obtained by subpoena from non-parties. Defendants affirmatively
26 represent to the court that they have done so, and the court has no reason to believe otherwise.

27 Defendants represent, and Plaintiff does not dispute, that she has communicated with
28 non-party medical providers whose records were subpoenaed instructing them to fill out, sign,

notarize and return to her a "patient history and clinical examination questionnaire." Defendants' counsel asserts she has received communications from various non-party medical providers complaining about Plaintiff's demands, and the suggestion the court ordered them to provide this information. Clearly the court did not.

To the extent Plaintiff is requesting an order compelling Defendants to produce documents requested under Rule 34 Plaintiff's motion to compel does not comply with LR 26-7(b). It requires a motion to compel to set forth the full text of the discovery originally sought and any responses to it. The reason for this requirement is so the court can assess what Plaintiff requested and whether Defendants responses were adequate or deficient.

The motion also does not comply with Plaintiff's meet and confer obligations. A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26–7(c) provides:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined by LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Judges in this district have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster*, *Inc. v. Progressive Games*, *Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when

5

1 the parties "present to each other the merits of their respective positions with the same candor,
2 specificity, and support during the informal negotiations as during the briefing of discovery
3 motions." *Id.* To ensure that parties comply with these requirements, movants must file
4 certifications that "accurately and specifically convey to the court who, where, how, and when
5 the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170
6 F.R.D. at 170. Courts may look beyond the certification made to determine whether a sufficient
7 meet-and-confer actually took place. *See*, *e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL
8 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*,
9 2013 WL 1907786 (D. Nev. May 7, 2013)).

10 Additionally, the motion itself is extremely difficult to follow. It is requesting broad
11 categories of documents such as all clinical trials, patents and licenses, test requisitions and
12 package inserts, as well as the names and contact information for the employee of Quest and its
13 affiliated companies that interpreted, read, reported and authored a clinical laboratory report for
14 any named physician in this action for a diagnosis of the human immunodeficiency virus.

15 Plaintiff is correct that the Defendants are required to make initial disclosures under
16 26(a)(1) to disclose, by category of documents, any evidence they intend to rely upon to support
17 their defenses. Similarly, the Defendants are required to identify all witnesses who have
18 discoverable information without awaiting a formal discovery request. The court will enforce
19 Rule 37(c)(1) which addresses available sanctions against a party who fails to make the
20 disclosures required by Rule 26(a) or (e). However, the court frankly cannot make heads or tails
21 out of what Plaintiff is requesting. To the extent she is seeking the Defendant to obtain discovery
22 or admissible evidence from non-parties this is simply not authorized by the Federal Rules of
23 Civil Procedure. Plaintiff may not demand that non-party medical providers fill out a
24 questionnaire or require the Defendants to obtain answers to her questions from non-parties.
25 Defendants will be precluded from using any information or witness "to supply evidence on a
26 motion, or at a trial" not timely disclosed during discovery. However, the court will not compel
27 the Defendants to produce documents Plaintiff did not request from the Defendants in written
28 discovery, or documents that are not in their care, custody or control. The court will also not

compel the Defendants to obtain documents or information the Plaintiff wants from non-parties. The Federal Rules of Civil Procedure simply do not permit or require them to do so.

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED** that**:**

1. Plaintiff's Motion to Compel (Dkt. #127) is **DENIED**.
2. Plaintiff's Motion to Compel (Dkt. #130) is **DENIED**.
3. Morrison **shall cease and desist** from communicating with non-party medical providers informing them that they are required to fill out her patient history and clinical examination questionnaire.
4. Morrison **shall cease and desist** from her efforts to compel non-parties to provide information other than as authorized by the Federal Rules of Civil Procedure.
5. Defendants may provide a copy of this order on any non-party medical provider Defendants reasonably believe have received communication(s) from the Plaintiff directing them to fill out and return her questionnaire.

DATED this 22nd day of June, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE