UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA HARDING MORRISON, | Case No. 2:14-cv-01207-RFB-PAL |
| Plaintiff, | ORDER |
| v. | (Mot Strike – Dkt. #135) |
| QUEST DIAGNOSTICS INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Quest Diagnostics Incorporated and John Hiatt, Ph.D's Motion to Strike Expert Report and Exclude Testimony; and Declaration of D. Faye Caldwell (Dkt. #135).  The court has considered the Motion, Morrison's Response (Dkt. #143), and Defendants' Reply (Dkt. #149).

**BACKGROUND**

This is one of more than a dozen pretrial motions recently filed concerning the parties' discovery and expert witness designation disputes in this case.  Defendants Quest and Hiatt seek to strike the Plaintiff's designation of Ms. Debra Dunlap, CFDE as an expert witness and to exclude her testimony at trial.  The expert disclosure deadline expired March 10, 2016.  Plaintiff disclosed Ms. Dunlap as an expert witness on March 23, 2016, almost two weeks after the deadline to disclose experts.  Ms. Dunlap was identified as a "forensic document examiner handwriting specialist" in Ms. Morrison's supplemental Rule 26 initial disclosures, and identified as someone "having knowledge pertaining to the alleged signatures of Tommy Morrison on the documents produced by the Defendants to the events of February 7 through 10, 1996, in Las Vegas, Nevada."  Ms. Dunlap's report was attached as an exhibit to Plaintiff's March 30, 2016 first request for Judicial Notice in Support of Summary Adjudication/Trial Brief and Second Amended Complaint (Dkt. #125).

1    The report is dated January 15, 2015, and Morrison had not previously served the report

2    on the Defendants or disclosed her as a witness.  Defendants therefore seek to strike her report

3    and exclude her testimony on various grounds.  First, the report was not timely served in

4    accordance with the court's discovery plan and scheduling order.  Second, her failure to timely

5    serve the expert disclosure is neither substantially justified, nor harmless.  At the March 1, 2016

6    hearing before the court, Ms. Morrison opposed an extension of the discovery plan and

7    scheduling order deadlines telling the court that she was prepared to meet her expert disclosure

8    deadlines.

9    Additionally, Defendants argue that Ms. Dunlap's proposed opinions will not assist the

10   trier of fact because the opinions are not relevant to any issue involved in this case.  The

11   gravamen of Ms. Morrison's claims is that Quest Diagnostics incorrectly and inaccurately tested

12   and/or reported a blood specimen submitted by Tommy Morrison as positive for HIV-1

13   antibodies, and that the NSAC improperly relied upon or required an HIV-1 antibody laboratory

14   test before issuing a Nevada boxing license.  Morrison has now expanded her claims to contend

15   that all laboratory testing for HIV is ineffective and misleading, and cannot be used as any basis

16   for diagnosing an individual with HIV.  However, she has not filed or served any Defendant with

17   any explanation for her attempt to introduce evidence that Tommy Morrison's signature on the

18   NSAC consent form was forged.

19   Plaintiff opposes the motion asserting that Ms. Dunlap's report is admissible because

20   Quest and Hiatt "opened the door" for Plaintiff to provide the court with a professional forensic

21   document examiner's report in response to Defendant's initial expert report of Dr. Branson on

22   March 10, 2016.  Dr. Branson's report indicates that a medical release was signed by Tommy

23   Morrison allowing Quest to provide medical information related to his alleged blood work

24   directly to the NSAC.  Plaintiff's hunch that the signature on the medical release is not probably

25   the signature of Tommy Morrison has been validated by Ms. Dunlap.  The Defendants have

26   failed to provide a handwriting expert in their initial expert disclosures that could have verified

27   the signature on the medical release form was that of Tommy Morrison.  Thus, Plaintiff believes

28   that her late disclosure is justified and harmless and of appreciable help to her case.

The opposition also contains numerous complaints about the Defendants' discovery responses and litigation conduct, including Defendants' efforts to obtain Tommy Morrison's medical records from medical providers between 1996 through 2013, as modified by the court in its written order.  Plaintiff reiterates that she is not requesting any deviation from the court's scheduling order.  She states that she paid, in part, to receive the services and report of Ms. Dunlap who completed the report pro bono and "reserves the right to add or replace any witness in this case."  She therefore asks that the motion be denied.

Defendants reply that Ms. Dunlap's report is not a rebuttal report to any opinions offered by Dr. Branson.  Defendants point out that Ms. Dunlap's report was authored January 15, 2015, well before Defendants' disclosed Dr. Bernard Branson as their expert witness on March 11, 2016.  In his expert report, which is attached to the reply, Dr. Branson opined that Quest Diagnostics' February 1996 HIV-1 antibody testing and reporting matter exceeded regulatory and industry standards of care.  He also opined that reporting the test results orally to Dr. Edwin Homansky of the Nevada State Athletic Commission was appropriate and authorized because the NSAC had the consent of Tommy Morrison to receive those results.  Dr. Branson did not opine regarding the authenticity of Morrison's signature, only that it was appropriate for Quest diagnostics to release the test to the NSAC in light of that written consent.

Defendants assert that Ms. Dunlap's testimony is not offered to contradict any of Dr. Branson's opinions which address Morrison's claims against the Defendant regarding the accuracy of Quest Diagnostic's HIV-1 antibody testing in 1996, and the efficacy of HIV-1 antibody in general to identify HIV in humans.  Morrison has not asserted any forgery claim against the Defendants in this action.  The reply also addresses Morrison's complaints about the Defendants' production of Tommy Morrison's medical records.   Defendants affirmatively represent that they have provided Morrison with copies of all documents within their possession, custody or control that may be used to support their defenses as required by Rule 26(a)(1)(A)(ii).  Additionally, the Defendants modified the scope of their subpoenas to Mr. Morrison's medical providers pursuant to the court's March 3, 2016 order.  The Defendants have not designated any of Tommy Morrison's medical providers as non-retained experts, and have already disclosed the

subject of those physicians' knowledge in their witness disclosures.  The court should therefore strike Ms. Dunlap's report and exclude her testimony at trial.

## DISCUSSION

### I.      Disclosure of Expert Witnesses

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any person who may be used as an expert witness.  Fed. R. Civ. P. 26(a)(2).  Rule 26 provides that a "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Local Rule LR 26-1 provides:

> Unless the discovery plan otherwise provides and the Court so orders, the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

LR 26-1(e)(3).  Rule 26 defines rebuttal testimony as evidence that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party" and requires that rebuttal witnesses be disclosed within 30 days after the parties disclose their witnesses.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

### II.     Exclusion of Expert's Testimony

A "district court has wide discretion in controlling discovery." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (citing *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *see also Cont'l Lab. Products, Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000).  The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

/ / /

4

Fed. R. Civ. P. 37(c)(1).   Rule 37(a)(4) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond."   Thus, Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).  Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

A literal reading of Rule 37(a)(4) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless.  *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998); *see also Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).   The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness.  *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107).  Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of showing a bad faith or willfulness.  *Yeti by Molly*, 259 F.3d at 1106.  Therefore, if full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion.  *Yeti by Molly*, 259 F.3d at 1106 (citation omitted).

### III.    Untimely Disclosure

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order.  *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  As the Ninth Circuit recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good

reasons not to." *Id*. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, it causes a "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id*. *See also Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late).

## IV.     Analysis and Decision

Plaintiff did not timely disclose Ms. Dunlap as an expert witness by the March 10, 2016 deadline for designating expert witnesses.  She has not shown that her failure to timely comply was substantially justified or harmless. Plaintiff opposed Defendants request for an extension of the discovery plan and scheduling order deadlines and expressly told the court at the March 1, 2016 hearing that she was prepared to designate her experts on time, and understood her obligations with respect to expert witness designation. Additionally, although Plaintiff claims Ms. Dunlap is intended to rebut the opinions of Dr. Branson, as Defendants point out, the report was obtained more than a year before Defendants disclosed Dr. Branson as a witness, i.e., before there were any opinions to rebut.

The court has reviewed Dr. Branson's report and Ms. Dunlap's report and concludes that Ms. Dunlap is not a rebuttal expert as defined by Rule 26(a)(2)(D)(ii).  Ms. Dunlap does not contradict or rebut opinions offered by Dr. Branson.  Ms. Dunlap was asked to compare known specimens of Tommy Morrison's signature with 3 questioned documents and opine whether the signatures on the questioned documents were signed by Tommy Morrison and whether one of the questioned document "contained evidence of alteration or cut and paste."  Dr. Branson is a medical doctor and epidemiologist involved in HIV testing, diagnosis, and treatment since 1983. He was asked to provide opinions about clinical and laboratory testing procedures from 1996 on, accepted criteria for diagnosis of HIV, and whether Quest's 1996 testing and reporting met or exceeded applicable regulatory and industry standards of care.  Among other things he opines that clinical laboratory HIV antibody tests are not a "diagnosis" but an aid to diagnosis by clinicians.  He also opines that Quest complied with industry and regulatory guidance in

6

reporting results for Tommy Morrison's blood specimen and that Tommy Morrison lab records are consistent with advanced HIV disease and consistent with Quest's 1996 HIV-1 antibody test result.  In short, Ms. Dunlap report does not rebut Dr. Branson's opinions.

Having reviewed and considered the voluminous moving and responsive papers,

**IT IS ORDERED** that Defendants' Motion to Strike Expert and Exclude Testimony (Dkt. #135) is **GRANTED.**

DATED this 22nd day of June, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE