# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA HARDING MORRISON, | Case No. 2:14-cv-01207-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| QUEST DIAGNOSTICS INC., *et al.* | |
| Defendants. | |

**I.    INTRODUCTION**

Before the Court are Plaintiff Patricia Harding Morrison's Motions to Reopen the case and Motion to Vacate this Court's prior order dated October 24, 2016. ECF Nos.  For the following reasons, the Court denies both motions.

**II.    PROCEDURAL BACKGROUND**

In July 2014, Plaintiff, the surviving spouse of Tommy Morrison, filed her initial Complaint against Defendants. ECF No. 1. On October 16, 2015, Plaintiff filed an Amended Complaint as a survival action, in her capacity as the Executor of Tommy Morrison's estate. ECF No. 79. On October 24, 2016, the Court granted summary judgment to Defendants and ordered the Clerk of the Court to close the case. Plaintiff filed an appeal with the Ninth Circuit in November 2016. ECF No. 279. On October 3, 2017, the Ninth Circuit affirmed this Court's order. ECF No. 296. Plaintiff filed petitions for panel rehearing and for rehearing en banc that were denied. ECF No. 299. The mandate for this case was issued on March 7, 2018. ECF No. 300. On August 5, 2019, Plaintiff filed the instant motions. ECF Nos. 303, 304. Responses and replies were filed. ECF Nos. 305, 309-11.

1 | **III.    DISCUSSION**

    The Court construes Plaintiff's Motions as motions under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60 provides that the Court may change or vacate a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or is based on a previously vacated judgment or applying it prospectively is no longer equitable, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60.

    This Court previously granted summary judgment to Defendants on the grounds that all of Plaintiff's claims are time-barred. In her motions to reopen and vacate, Plaintiff fails to identify any substantiated bases for this Court to revisit its prior decision, and accordingly the Court denies both motions.

**IV.    CONCLUSION**

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case (ECF No. 303) and Motion to Vacate Order (ECF NO. 304) are both DENIED.

    **DATED** this 14th day of January 2020.

    _____
    **RICHARD F. BOULWARE, II**
    **UNITED STATES DISTRICT JUDGE**