1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

7   PATRICIA HARDING MORRISON,        Case No. 2:14-cv-01207-RFB-BNW

8                    Plaintiff,                    **ORDER**

9          v.

10  QUEST DIAGNOSTICS INC., *et al*.

11                   Defendants.

12
13

**I.    INTRODUCTION**

14        Before the Court are Plaintiff Patricia Harding Morrison's Motions to Release Disc of
15  Medical Records, Motion for Reconsideration of the Court's January 14, 2020 Order, and Ex Parte
16  Motion for Court Order to Release Records. ECF Nos. 313, 314,323.  For the following reasons,
17  the Court denies all motions.
18
19

**II.    PROCEDURAL BACKGROUND**

20        In July 2014, Plaintiff, the surviving spouse of Tommy Morrison, filed her initial Complaint
21  against Defendants, asserting various claims related to allegedly faulty HIV testing that resulted
22  in the end of decedent Tommy Morrison's boxing career. ECF No. 1. On October 16, 2015,
23  Plaintiff filed an Amended Complaint as a survival action, in her capacity as the Executor of
24  Tommy Morrison's estate. ECF No. 79. On  October 24, 2016, the Court granted summary
25  judgment to Defendants and ordered the Clerk of the Court to close the case. Plaintiff filed an
26  appeal with the Ninth Circuit in November 2016. ECF No. 279. On October 3, 2017, the Ninth
27  Circuit affirmed this Court's order. ECF No. 296. Plaintiff filed petitions for panel rehearing and
28  for rehearing en banc that were denied. ECF No. 299. The mandate for this case was issued on
    March 7, 2018. ECF No. 300. On August 5, 2019, Plaintiff filed a motion to reopen the case and

1    a motion to vacate the Court's previous order. ECF Nos. 303, 304. The Court denied those motions

2    on January 14, 2020. ECF No. 312. Plaintiff filed the instant motions in February and July 2020.

3    ECF Nos. 313, 314, 323. A response and reply were filed for the motion to release disc of medical

4    records and motion for reconsideration. ECF Nos. 315 – 320.  This order now follows.

5

6    **III.    LEGAL STANDARD**

7         Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend

8    a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e).  Rule 60 of

9    the Federal Rules of Civil Procedure also allows the Court to  relieve a party from a final judgment

10   based on the discovery of new evidence that could not have been discovered in time to move for

11   reconsideration under Rule 59. Fed. R. Civ. P. 60(b)(2). "Whether or not to grant reconsideration

12   is committed to the sound discretion of the court."  <u>Navajo Nation v. Confederated Tribes and</u>

13   <u>Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).  However, "a motion

14   for reconsideration should not be granted, absent highly unusual circumstances, unless the district

15   court is presented with newly discovered evidence, committed clear error, or if there is an

16   intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH</u>

17   <u>& Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).  A motion for

18   reconsideration "may *not* be used to raise arguments or present evidence for the first time when

19   they could reasonably have been raised earlier in the litigation." <u>Id.</u> (internal quotation and citation

20   omitted).  Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat

21   arguments already presented unless (and only to the extent) necessary to explain controlling,

22   intervening law or to argue new facts. A movant who repeats arguments will be subject to

23   appropriate sanctions."  LR 59-1.

## IV.    DISCUSSION

This Court previously granted summary judgment to Defendants on the grounds that all of Plaintiff's claims are time-barred. ECF No. 277. Plaintiff subsequently appealed the decision to the Ninth Circuit and filed a motion to reopen the case—the Ninth Circuit and this Court denied the appeal and the motion to reopen respectively.  ECF Nos. 302, 312. Plaintiff now attempts a third bite at the apple and argues that the Court should reverse its January 2020 decision denying Plaintiff's motion to reopen the case. Specifically, Plaintiff claims to have discovered new evidence that establishes that Defendants fraudulently concealed records that if considered would toll the statute of limitations.

Plaintiff's "new" evidence consists of unsubstantiated assertions that Defendants deliberately concealed medical records and forged signatures, along with excerpted portions of documents that have already been filed with the Court. Specifically, Plaintiff raises several arguments concerning the reliability and authenticity of some of these documents already in the record, in particular questioning the authenticity of an email from Tommy Morrison and a signature on a medical information release from the Nevada State Athletic Commission (NSAC). Plaintiff also suggests that in June 2016 it was established that Tommy Morrison had never been tested in 1996 with a test that could accurately detect the presence of HIV. However, Plaintiff does not explain to this Court's satisfaction why she brings these evidentiary challenges now, as opposed to during the original summary judgment briefing. Because Plaintiff does not explain or establish that her arguments regarding the reliability of Defendants' documents could not have been raised earlier in the litigation, the Court cannot consider them. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (noting that motions for reconsideration may not "be used to raise arguments or present evidence for the first time"). Furthermore, even if the Court could consider such evidence, Plaintiff has not demonstrated that such evidence, if it exists, would have changed the outcome of the case. The Court already concluded that all of Plaintiff's claims accrued on or around 1996, and already considered and rejected Plaintiff's argument that the discovery rule applies and should toll Plaintiff's claims. ECF No. 277, at 8– 9. The Court also already concluded that even if Plaintiff's claims were not time-barred, they still failed as a matter of law. Id. at 10-14.

Related to Plaintiff's Motion for Reconsideration, Plaintiff has also filed a motion to subpoena discs containing medical records from Defendants, and an ex parte motion to order that Defendant Quest Diagnostics release additional records. Plaintiff identifies no basis for her assertion that Defendants have fraudulently concealed documents from her. The emails attached to Plaintiff's ex parte motion indicate that Defendants provided all relevant medical records in their possession when discovery was previously conducted in this matter. Indeed, Plaintiff filed several motions related to Defendants' response to her discovery requests throughout the course of this litigation, prior to the Court ruling on the summary judgment motions. Whatever qualms Plaintiff has with Defendants' response to her discovery requests can no longer be addressed by this Court because the discovery period has long since passed and Plaintiff has not satisfactorily demonstrated that reopening of the discovery period is warranted. Accordingly, the Court will deny Plaintiff's motions.

Finally, the Court notes that this case has been closed since October 24, 2016. Plaintiff has already filed and lost an appeal with the Ninth Circuit and filed a previous motion to reopen this case that this Court denied. The Court cautions Plaintiff that if she files another completely meritless motion to reopen or reconsider the Court's decisions in this case, the Court may take steps to issue a prefiling order against Plaintiff. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (noting that the All Writs Act provides district courts with the inherent power to enter pre-filing orders against vexatious litigants after complying with due process requirements).

**V.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Release Disc of Medical Records (ECF No. 313), Motion for Reconsideration (ECF No. 314) and Ex Parte Motion for Court Order to Release Records (ECF No. 323) are DENIED.

**DATED** this 16th day of July 2020.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -