# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORRISON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>QUEST DIAGNOSTICS INCORPORATED, et al.<br><br>　　　　　Defendants. | Case No. 2:14-cv-01207-RFB-BNW<br><br>**ORDER** |

## I.　INTRODUCTION

Before the Court is *pro se* Plaintiff Patricia Morrison's Notice of Errata, seeking an extension of time to appeal. ECF No. 340. This Court grants Plaintiff's request for the reasons below.

## II.　BACKGROUND

On January 12, 2021, the Court issued an Order informing Plaintiff that it will no longer entertain additional filings and instructing the Clerk of the Court to not accept any filings from Plaintiff. ECF No. 335. On February 16, 2021, Plaintiff filed a Notice of Appeal. ECF No. 336. On February 23, 2021, Plaintiff filed a Motion to Correct Filing Date regarding the Notice of Appeal. ECF No. 339. On February 26, 2021, Plaintiff filed a Notice of Errata acknowledging that the filing date on the Court's docket is correct, and that the Notice of Appeal was not delivered to the Court until February 16, 2021. ECF No. 340. The Notice of Errata also seeks an extension of time to file the notice of appeal. Id. On June 9, 2021 the Ninth Circuit remanded Plaintiff's appeal for the limited purpose of allowing the Court to consider Plaintiff's request for an extension of time to appeal. ECF No. 345.

### III. LEGAL STANDARD

"Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party in a civil case to file a notice of appeal with the district court clerk 'within 30 days after the judgment or order appealed from is entered." Los Altos El Granada Inv'rs v. City of Capitola, 583 F.3d 674, 682 (9th Cir. 2009) (citing Fed. R. App. P. 4(a)(1)(A)). However, the moving party must move for the extension "no later than thirty days after the time prescribed by Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A). The moving party must also show "excusable neglect or good cause." Id. The excusable neglect standard applies when the motion for an extension of time is filed after the initial thirty-day window to file a notice of appeal expires. Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982).

The Ninth Circuit considers four factors identified by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993) when determining if excusable neglect exists: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the moving party's reasonable control; and (4) if the moving party's conduct was in good faith. Los Altos El Granada Inv'rs, 583 F.3d at 683 (citing Pioneer Investment Services Co. and Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc)). A court considers "all relevant circumstances surrounding the party's [failure to timely appeal]." Pioneer Inv. Servs, Co., 507 U.S. at 395.

### IV. DISCUSSION

The Court finds that Plaintiff has demonstrated excusable neglect for failing to timely file her notice of appeal. Here, Plaintiff filed a notice of appeal and request for an extension of time to appeal after the 30-day deadline, February 12, 2021. In her request for extension of time to appeal, Plaintiff argues the delays in postage due to COVID-19 and the February 2021 polar vortex constitute excusable neglect. Plaintiff mailed the notice of appeal via priority overnight Federal Express ("Fedex") on February 11, 2021. The polar vortex storm caused Fedex to temporarily suspend it services, and instead prioritized shipments of the COVID-19 vaccine. Due to the temporary suspension of services and re-prioritization of packages, Plaintiff's notice of appeal was

not filed until four days after the deadline, February 16, 2021. In considering all the circumstances causing the delay, the Court finds that Plaintiff demonstrated excusable neglect for failing to timely file the notice of appeal. Therefore, the Court grants Plaintiff's extension of time to file an appeal.

### V.  CONCLUSION

**IT IS ORDERED** that Plaintiff Morrison's Notice of Errata requesting an extension of time to appeal (ECF No. 340) is GRANTED.

**IT IS FUTHRER ORDERED** that Plaintiff Morrison's Motion to Correct Filing Date (ECF No. 339) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of this order to the United States Court of Appeals for the Ninth Circuit.

DATED this day of June 14, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**